IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**E.M., a minor child, and**
**THE PARENTS OF E.M.,**

      **Plaintiffs,**

vs.                       Civ. No.  06-690 JH/DJS

**ESPANOLA PUBLIC SCHOOL DISTRICT,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on motions [Doc. Nos. 21 and 25] by the Plaintiffs to strike counterclaims by minor Defendant A.P., through his *pro se* parent, who identifies herself only as "A.M.", as well as identical counterclaims by minor Defendant A.C., through his *pro se* parent, "M.P."  Neither Defendant responded to the motions to dismiss.  The counterclaims, which can be found at Doc. Nos. 19 and 23, allege no facts in support of any claim against Plaintiffs.  Instead, both A.P. and A.C. contend that they "reserve[] the right to counter-sue pending the investigation and outcome of the criminal case.  Once counsel is on board, defendant reserves the right to counter sue plaintiff and parents ..."  Then, under a section titled "Prayer for Relief," both A.C. and A.P. request entry of judgment their favor for defamation, lost wages, emotional distress, punitive damages, injunctive relief, attorney's fees, and costs.  Defendants have alleged no facts in support of their counterclaims.

Rule 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted. . . ."  The Court must accept as true all well-pleaded factual allegations

and view them in the light most favorable to Defendants A.P. and A.C., the nonmoving parties. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "We may uphold the grant of a motion to dismiss if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, --- F.3d ----, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As the Tenth Circuit has explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, --- F.3d ----, 2007 U.S.App. LEXIS 16204, at *10 (10th Cir. 2007).

In this case, the Defendants A.C. and A.P. have alleged absolutely no facts in support of their counterclaims. Instead, they have attempted to "reserve the right to counter-sue" at a later time. That is insufficient as a matter of law, and therefore the Court will grant both of Plaintiffs' motions to dismiss.

**Procedural Matters**

It has come to the Court's attention that the parents of A.C. and A.P. are using their initials on pleadings. The Court permits the use of initials to protect the identities of minor children; however, the same protection does not extend to adults. Accordingly, the Court orders "A.M." and "M.P." to identify themselves by their full names in this litigation from this point forward.

Furthermore, the Court orders all parties in this case, when responding or reply to a motion, to identify in the title of their response or reply both the title and the document number of the motion

to which they are responding or replying.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to dismiss the counterclaims by Defendants A.C. and A.P. [Doc. Nos. 21 and 25] are **GRANTED,** and those counterclaims are **DISMISSED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**