IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

E.M., a minor child, and
THE PARENTS OF E.M.,

            **Plaintiffs,**

vs.                                                    Civ. No.  06-690 JH/DJS

**ESPANOLA PUBLIC SCHOOL DISTRICT,**
et al.,

            **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiffs' Motion for FED. R. CIV. P. Rule 60(b) Relief* [Doc. No. 126], filed September 5, 2008.  This is a civil rights case in which Plaintiff has alleged that she was physically and sexually assaulted in a school bathroom and in which she asserted both federal civil rights claims and common law torts against the alleged assailants, the school district, school administrators, and the security company providing services to the school.  In a Memorandum Opinion and Order entered on February 26, 2008, the Court dismissed the federal civil rights claims and, declining to exercise supplemental jurisdiction over the state law claims, dismissed those as well.

In their present motion, Plaintiffs contend that the February 26, 2008 Memorandum Opinion and Order and the Final Judgment of that same date should be read to dispose of Plaintiffs' claims against Defendants A.K.A.L. Security, Inc., David Cockerham, and Benjamin Gurule, but leaving Plaintiffs' claims against the Espanola Public School District and Carlos F. Vigil Middle School pending in this Court.  The Court disagrees.  In the February 26, 2008 Memorandum Opinion and Order, the Court concluded that individual school defendants Cockerham and Gurule were entitled

to qualified immunity on the constitutional due process claims against them.  The Court reasoned that Plaintiffs had failed to state a claim for a violation of their constitutional rights under a theory of either the existence of a "special relationship" or "danger creation."  Thus, the Court granted Cockerham and Gurule's motions to dismiss based upon qualified immunity.

A local government entity such as a school board may not be held liable for a constitutional violation under 42 U.S.C. § 1983 under a theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, Section 1983 imposes liability on that entity only when plaintiff demonstrates that the injury stems from an official policy or custom. *Id*. Indeed, Plaintiffs alleged that the school board acted pursuant to a "policy, pattern and/or practice." *See* First Amended Complaint, Doc. No. 4 at ¶ 71.  Otherwise, her allegations against the school board are identical to those she made against Cockerham and Gurule.  Here, the Court concluded in its February 26, 2008 Memorandum Opinion and Order that Plaintiffs had failed to allege an underlying compensable constitutional injury in the form of violation of her substantive due process rights.  As the defendant school district points out, an official policy or practice cannot cause an injury that does not exist.[1] *See* Doc. No. 127 at p. 5.  Thus, the Court's reasoning underpinning its dismissal of the constitutional claims against Cockerham and Gurule also required the dismissal of the constitutional claims against the school district.  That is why the Court's Final Judgment states that "Defendants" are entitled to summary judgment on Plaintiffs' civil rights claims under Section 1983.  However, to the extent that the Court's February 26, 2008 Memorandum Opinion and Order and Final Judgment are in any way ambiguous, the Court hereby clarifies and states that those documents

---

[1] Plaintiffs utterly failed to respond to this argument and do not explain how the Espanola Public School Board can be liable when the Court has found that they have failed to allege a constitutional injury.  *See* Doc. No. 128.

dismissed all constitutional claims against all defendants with prejudice and dismissed Plaintiffs' state law claims without prejudice, with leave to refile those claims in state court. Accordingly,

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for FED. R. CIV. P. Rule 60(b) Relief* [Doc. No. 126] is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE